IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

MAURICE WILLIAMS,

               Plaintiff

      VS.

LT. HALL, *et al.*,

            Defendants

**NO. 5:04-CV-5 (CAR)**

PROCEEDINGS UNDER 42 U.S.C. § 1983
BEFORE THE U. S. MAGISTRATE JUDGE

# RECOMMENDATION

Plaintiff MAURICE WILLIAMS is an inmate in the custody of the state of Georgia. He has sued defendants LIEUTENANT HALL, OFFICER GRAHAM, OFFICER MCRAE, OFFICER HAMMONDS, and OFFICER MCCLOUD alleging that they violated his constitutional rights while he was incarcerated at Wilcox State Prison in Abbeville, Georgia. Plaintiff claims that the defendants subjected him to excessive force and were deliberately indifferent to his serious medical needs in violation of his Eighth Amendment rights.

Specifically, plaintiff alleges that on December 15, 2003, defendant Hall ordered that his cell door be opened. Thereafter, several officers, including defendants Hall, McRae, and Graham entered plaintiff's cell and began assaulting him by jumping on his back, throwing him on the bed, and smacking him in the head. Additionally, plaintiff claims that as a result of this incident, he was in need of medical attention and was not allowed to go to medical for over 24 hours.

Before the court is the defendants' **MOTION FOR SUMMARY JUDGMENT**. Tab #29. The motion is supported by a brief and deposition. The plaintiff has filed a response to the defendants' motion. Tabs #44-47. In entering this recommendation, the undersigned has carefully considered the defendants' motion and all attachments thereto, as well as the plaintiff's response.

## LEGAL STANDARDS
### A. Summary Judgment

Rule 56 of the *Federal Rules of Civil Procedure* dealing with motions for summary judgment provides as follows:

> The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

Summary judgment can only be granted if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. *Fed.R.Civ.P. 56(c); Warrior Tombigbee Transportation Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for summary judgment cannot rest on his pleadings to present an issue of fact but must make a response to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts present in the case which must be presented to a jury for resolution. *See Van T. Junkins & Assoc. v. U.S. Industries, Inc.*, 736 F.2d 656, 658 (11th Cir. 1984).

Specifically, the party seeking summary judgment bears the initial burden to demonstrate to the court the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show that there is an absence of any genuine issue of material fact. *Hairston v. The Gainesville Sun Publishing Co.*, 9 F.3d 913 (11th Cir.1998). In determining whether the moving party has met this burden, the court must review the evidence and all factual inferences drawn from this, in the light most favorable to the non-moving party. *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992).

If the moving party successfully meets this burden, the burden then shifts to the non-moving party to establish by going beyond the pleadings, that there are genuine issues of material fact to be resolved by a fact-finder. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Genuine issues are those as to which the evidence is such that a reasonable jury could find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S. `Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).[1]

## DISCUSSION
## 1. Excessive Force

The Eleventh Circuit has noted that to establish an Eighth Amendment violation, a prisoner must prove that his injury was caused by an unnecessary and wanton infliction of pain.  In such cases the core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.  Absence of serious injury alone is insufficient to dismiss a prisoner's Eighth Amendment claim.  *Harris v. Chapman*, 97 F.3d 499, 505 (11th Cir. 1996).[2]

The plaintiff and defendants have provided somewhat different accounts of the incident in question.  The defendants admit to using force on plaintiff on December 15, 2003, in order to get him to comply with their instructions.  However, they argue that said force was necessary because plaintiff refused to get out of bed and had wedged batteries between his cell and door frame to prevent the defendants from coming in his cell.

---

[1] *See also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (the purpose of summary judgment is to pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial); *Brown v. City of Clewiston*, 848 F.2d 1534, 1543 (11th Cir. 1988) (the question is whether the record as a whole could lead a rational trier of fact to find for the non-movant).

[2] Analysis of an Eighth Amendment excessive force claim is contextual and requires that many factors be considered: the need for the application of force, the relationship between the need and the amount of force used, the threat reasonably perceived by the responsible official, and any efforts made to temper the severity of a forceful response.  Only *de minimis* uses of force are beyond constitutional recognition. *Harris,* 97 F.3d 299.

The plaintiff provides a slightly different account of the events that took place on December 15, 2003. He claims that the defendants entered his cell on that date without any advanced notice or provocation and then began assaulting him. He claims that as a result of said assault, he received bruises on his neck, wrists, and back, and that his leg throbbed for several days after the assault.

The Supreme Court has noted that prison administrators should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve the internal order and discipline and to maintain institutional security. The Court has noted that this deference extends to a prison security measure taken in response to an actual confrontation with riotous inmates, just as it does to prophylactic or preventive measures intended to reduce the incidence of these or any other breaches of prison discipline.

While this deference does not insulate from review actions taken in bad faith and for no legitimate purpose, it requires that neither judge nor jury freely substitute their judgment for that of officials who have made a considered choice. *Whitley v. Albers*, 475 U.S. 312, 322 (1986). Unless it appears that the evidence, viewed in the light most favorable to the plaintiff, will support a reliable inference of wantonness in the infliction of pain under the standard described, the case should not go to the jury. *Id.*

In his deposition, plaintiff admits that he refused to get out of bed and wedged his cell door with batteries. Tab #33 at 27-28. It is obvious that the defendants use of force was in response to this resistance. In the undersigned's view, this is essentially a dispute over the reasonableness of a particular use of force or the existence of arguably superior alternatives. In short, given the deference that is due jail officials, the evidence, viewed in the light most favorable to the plaintiff, does not support "a reliable inference of wantonness in the infliction of pain." Therefore, the defendants are entitled to summary judgment on this claim.[3]

---

[3]Plaintiff also alleges that on that same date, defendant McRae hit him on the top of his head with his cap. However, plaintiff does not allege that he received any injuries from this use of force. Because plaintiff can claim only show a *de minimis* use of force, at best, the defendants are entitled to summary judgment on this claim.

## 2. Deliberate Indifference

In *Estelle v. Gamble*, the Supreme Court held that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' . . . proscribed by the Eighth Amendment." 429 U.S. 97, 97 S. Ct. 285, 50 L.Ed.2d 251, rehearing denied 429 U.S. 1066, 97 S. Ct. 798, 50 L.Ed.2d 785 (1976). However, the course of treatment is "a classic example of a matter for medical judgment." *Estelle*, 429 U.S. at 107.[4] A mere disagreement between a prisoner and prison officials as to diagnosis or treatment does not give rise to a constitutional violation. *Id*. at 106.

Delay in access to medical attention can violate the Eighth Amendment when it is tantamount to unnecessary and wanton infliction of pain. Cases stating a constitutional claim for immediate or emergency medical attention have concerned medical needs that are obvious even to lay persons because they involve life-threatening conditions or situations where it is apparent that delay would detrimentally exacerbate the medical problem. In contrast, delay or even denial of medical treatment for superficial, nonserious physical conditions does not violate the Eighth Amendment. The seriousness of an inmate's medical needs may be decided by reference to the effect of the delay in treatment.

---

[4]At most, a mere allegation of improper or untimely treatment, without more, states a claim of medical malpractice cognizable under state law. *Id. See also Howell v. Evans*, 922 F.2d 712, 719 (11th Cir. 1991) (vacated pursuant to settlement, 931 F.2d 711 (11th Cir. 1991), reinstated by unpublished order (June 24, 1991), cited in *Howell v. Burden*, 12 F.3d 190, 191 n.* (11th Cir. 1994)). Moreover, *Estelle* specifically states that the question of whether an x-ray or additional diagnostic techniques or forms of treatment are indicated are classic examples of matters for medical judgment and that medical malpractice does not become a constitutional violation merely because the patient is a prisoner. 97 S.Ct. at 292-93.

Where the delay results in an inmate's suffering a life-long handicap or permanent loss, the medical need is considered serious. An inmate who complains that delay in medical treatment rose to a constitutional violation must place <u>verifying</u> <u>medical</u> <u>evidence</u> <u>in</u> <u>the</u> <u>record</u> to establish the detrimental effect of delay in medical treatment to succeed. Further, the tolerable length of the delay in providing medical attention depends on the nature of the medical need and the reason for the delay. Consequently, delay in medical treatment must be interpreted in the context of the seriousness of the medical need, deciding whether the delay worsened the medical condition, and considering the reason for the delay. *Hill v. Dekalb R.Y.D.C.*, 40 F.3d 1176, (11th Cir.1994) (emphasis added).

In the present case, plaintiff cannot show that the defendants were deliberately indifferent to his serious medical needs. Plaintiff claims that as a result of the alleged excessive force used against him on December 15, 2003, he had bruises on his back, neck, and wrist. Plaintiff admits that he asked and was allowed to go to medical for his injuries that same day. Tab #33 at 26 and 29. Additionally, plaintiff admits to being seen by a nurse the following day. *Id*.at 29.

In response to the defendants' motion, the plaintiff has submitted nothing of substance to adequately rebut the defendants showing that he was provided with constitutionally adequate medical care for the minor injuries he received on December 15, 2003. Significantly, plaintiff has failed to submit any medical evidence to supports his contention that his treatment fell below applicable medical standards and constitutionally adequate standards of care.[5]

In the court's view, plaintiff WILLIAMS has failed to establish the defendants' deliberate indifference to his medical needs, serious or otherwise. He has submitted no medical evidence to support his contention that the defendants were deliberately indifferent in treating his injuries. Therefore, the defendant are entitled to summary judgment on this claim.

---

[5]In regards to his allegations of throbbing pain in his leg that lasted for several day, plaintiff admits that he has had a bullet lodged in his leg since a 2000 shooting and that it constantly causes him pain. Tab #33 at 9-10.

Accordingly, IT IS RECOMMENDED that the defendants' MOTION FOR SUMMARY JUDGMENT (Tab #29) be **GRANTED**.  Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the district judge to whom this case is assigned, **WITHIN TEN (10) DAYS** after being served with a copy thereof.

SO RECOMMENDED, this 18th day of MAY, 2005.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE

7